DATE: MAY 21.2015

This document contains some
pages that are of poor quality
at the time of imaging.

55,762-14

RE: MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS AND WRIT OF MANDAMUS IN TRIAL.
CAUSE NO.809892-B AND WR-55.762-10.

---

DEAR CLERK,

CAN YOU PLEASE FILE THIS DOCUMENT AND PRESENT THEM TO THE COURT FOR THEIR
CONSIDERATION.

ALSO I HAVE PLACED A STAMPED ENVELOPE WITH THIS LEETER CAN YOU PLEASE IN-
FORM ME OF THE DATE YOU RECEIVED AND FILE SAID DOCUMENTS. THANK YOU.

C.C.F.

X _____

JOSEPH HINES

#901768-CONNALLY UNIT
899 FM 632
KENEDY,TX. 78119

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 26 2015

Abel Acosta, Clerk

TRIAL CAUSE NO.809892-B
WR-55,762-10

JOSEPH BARNARD HINES,                    §

        RELATOR

V.                                       § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL,HARRIS COUNTY

DISTRICT CLERK,                          §

        RESPONDENT


MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT:

  Comes now,JOSEPH BARNARD HINES,Relator,in pro se,and files this motion for leave to file writ of mandamus and request for such motion to be granted as Relator will show as follows:

I.

  Relator filed his application for writ of habeas corpus on April 14,2014. Once the COURT OF CRIMINAL APPEALS received such application Relator filed a motion to hold in abeyance which was granted by the C.C.A. on 9/30/14,but eight day later the C.C.A. dismissed Relator's application without written order,pursuant to TEX.CODE CRIM.PROC.ART. 11.07,sec.4(a)-(c) on 10/08/14. Relator then filed a motion to reconsider with the C.C.A.,which was granted on 4-1-15 which granted Relator permission to supplement his application, giving him a daedline of May1,2015. Relator filed his supplementl writ of habeas corpus grounds on APRIL 14,2015 with the district court of harris county[180th].see,EX-A[SUPPLEMENTAL WRIT OF HABEAS CORPUS WITH MEMORANDUM]. Relator also since a letter to the C.C.A. informing the clerk that such deadline had been met.see, EX-B[Relator'S LETTER TO C.C.A.] . Relator notice that his leading actual innocent ground was not placed into the supplemental writ and he immediately supplemented the supplemental writ the next day on APRIL 15,2015,where he had 16 days left to file.see.EX-C [THE SUPPLEMENT GROUND TO THE SUPPLEMENTAL WRIT OF HABEAS CORPUS WITH MEMOR-ANDUM]. Although Relator requested from the district clerk if its office had received the applications he was provided with no response.see.EX-D[RELATOR'S LETTER TO DISTRICT CLERK]. Relator contacted

the mailroom supervisor of his unit[CONNALLY] about the packages he mailed out to the harris county district clerk on the dates stated in the attached memorandums and applications of writ of habeas corpus' through the unit request form and he was instructed the packages were mailed out.see·EX-E[CONNALLY UNIT MAILROOM REQUEST FORM].

Thirty-five[35] day has pass since the filing of Relator's supplemental applications has been filed and the State fail to answer within 15 days,and the trial court failed to answer within 20 days,and the district clerk has not forwarded the records to the C.C.A has it's duty instructs.TEXCODE CRIM.PROC.ART· 11.07 sec 3(c).

Relator has exhausted his remedies and has no other adequate remedy at law and the act sought to be compelled is ministerial, not discretionary in nature. T C.C.P art. 11 07 sec 3(c).

### PRAYER FOR RELIEF

WHEREFORE,Relator respectfully prays the Court grants his motion for leave for writ of mandamus and compel Respondent to immediately transmit the supplemental applications for writ of habeas corpus,memorandum,and exhibits.
executed on 5/22/15.

## CERTIFICATE OF SERVICE

I,JOSEPH BARNARD HINES,hereby certify that a true and correct copy of this motion for leave to file writ of mandamus with application for writ of mandamus was mailed by U.S.P S to: THE CLERK OF THE COURT OF CRIMINAL APPEALS at P.O.BOX 12308, CAPITOL STATION,AUSTIN,TEXAS 78711 ;and to:CHRIS DANIEL-HARRIS COUNTY DISTRICT CLERK at.P.O BOX 4651.HOUSTON,TX.77210-4651on 5/22/15.

executed on 5/21./15

x_____
JOSEPH B. HINES
#901768-CONNALLY UNIT
899 FM 632
KENEDY,TX. 78119

3

TRIALR CAUSE NO.809892-B
WR-55,762-10

JOSEPH BARNARD HINES.                    §

     RELATOR

V.                                       § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL,DISTRICT CLERK OF
HARRIS COUNTY,                           §
        RESPONDENT

<u>PROPOSE ORDER</u>

On this day,came on to be heard the foregoing Relator's motion for leave to file writ of mandamus and it appears to the court that the same should be:

GRANTED

IT IS THEREFORE ORDERED that the district clerk of harris county shall immediately transmit to the COURT OF CRIMINAL APPEALS Documents filed under the above cause as supplemental writ of habeas corpus.

SIGNED on this_____day of_____,20_____.


_____
PRESIDING JUDGE

4

TRAIL CAUSE NO. 809892-B
WR-55,762-10

JOSEPH BARNARD HINES                             §
       RELATOR

V.                                              § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL, HARRIS COUNTY DISTRICT
CLERK.                                          §
          RESPONDENT

## ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT OF CRIMINAL APPEALS:

Comes now, JOSEPH BARNARD HINES, Relator in pro se, in the above-styled and numbered cause of action and files this original application for writ of mandamus pursuant to article 11.07 section 3 (c) of the Texas Code of Criminal Procedure, and would show the court the following:

### I.

Relator is an offender incarcerated in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE WHO CAN BE LOCATED AT 899 FM 632, KENEDY, TX. 78119

### II.

Relator has exhausted his remedies and has no other adequate remedy at law and the act sought to be compelled is ministerial not discretionary in nature. T.C.C.P. art. 11.07 sec.3(c) requires Respondent to immediately transmit to the COURT OF CRIMINAL APPEALS a copy of the application for writ of habeas corpus, any answer filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved.

Relator contends that he filed his application for writ of habeas corpus on APRIL 14, 2014. Once the COURT OF CRIMINAL APPEALS [C.C.A.] received such application Relator filed a motion to hold in abevance which was granted by the C.C.A on 9-30-14, but eight days later the C.C.A dismissed Relator's application without written order pursuant to TEX. CODE CRIM. PROC. ART. 11 07, sec.4

1

(a)(c) on 10-8-14. Relator then filed a motion to reconsider with the C.C.A. which was granted on 4-1-15 which granted Relator permission to supplement his application, giving him a deadline of MAY 1,2015. Relator filed his supplemental writ of habeas corpus grounds on APRIL 14,2015 with the district court of harris county [180th].see,EX-A[SUPPLEMENTAL WRIT OF HABEAS CORPUS WITH MEMORANDUM].

Relator also sent a letter to the C.C.A. informing the clerk that such deadline had been met.see,EX-B[RELATOR'S LETTER TO C.C.A.]. Relator notice that his leading actual innocent ground was not placed into the supplemental writ and he immediately supplemented the supplemental writ of habeas corpus the next day on APRIL 15, 2015,where he had 16 days left to file.see,EX-C[ THE SUPPLEMENT GROUND TO THE SUPPLEMENTAL WRIT OF HABEAS CORPUS WITH MEMORANDUM]. Although Relator requested from the district clerk if it's office had received the supplemental application.he was provided with no response.see,EX-D[ RELATOR'S LETTER TO DISTRICT CLERK] . Relator contacted the mailroom supervisor of his unit[CONNALLY]about the packages he mailed out to the harris county district clerk on the dates stated in the application for writ of habeas corpus' and memorandums'[SUPPLEMENTAL'S] through the unit request form and he was informed the packages were mailed out.see,EX-E[CONNALY UNIT MAILROOM REQUEST FORM].

Thirty-five[35] days has pass since the filing of Relator's supplemental applications has been filed and the State failed to answer within 15 days,and the trial court failed to answer within 29 days,and the district clerk has not forwarded the records to  the C.C.A. has it's duty instructs.TEX CODE CRIM. PROC.ART. 11.07 sec.3(c).

### PRAYER FOR RELIEF

WHEREFORE,Relator respectfully prays the Court grants his motion for leave for writ of mandamus and compel Respondent to immediately transmit the supplemental applications for writ of habeas corpus,memorandums,and exhibits. executed on 5-22-15.

JOSEPH B. HINES#901768
CONNALLY UNIT
899 FM 632
KENEDY,TX.78119

2

## CERTIFICATE OF SERVICE

I,JOSEPH BARNARD HINES,HEREBY CERTIFY THAT THIS ORIGINAL APPLICATION OF WRIT OF MANDAMUS WITH ALL EXHIBITS MENTION WAS MAILED BY U.S.P.S. TO:THE CLERK OF THE COURT OF CRIMINAL APPEALS at-P.O.BOX 12308.CAPITOL STATION,AUSTIN,TX. 78711.and the same was mailed by U.S.P.S. TO:CHRIS DANIEL-HARRIS COUNTY DIS- TRICT CLERK AT-P.O.BOX 4651,HOUSTON,TX. 77210-4651 on 5-22-15.

executed on 5-21-15.

x _____
JOSEPH BARNARD HINES#901768
CONNALLY UNIT
899 FM 632
KENEDY,TX. 78119

TRIAL CAUSE NO. 809892-B

WR-55,762-10


AFFIDAVIT


I, JOSEPH BARNARD HINES, SWEAR UNDER OATH THAT THE FACTS AND ALLEGATIONS IN
THE ABOVE APPLICATIONS FOR WRIT OF MANDAMUS ARE TRUE AND CORRECT.

RELATOR


UNSWORN DECLARATION


I, JOSEPH BARNARD HINES, IS PRESENTLY INCARCERATED IN T.D.C.J.-TD
AT THE CONNALLY UNIT, AND SWEAR UNDER THE PENALTY OF PERJURY THAT THIS STATEMENT
IS TRUE AND CORRECT.

4

TRIAL CAUSE NO. 809892-B
WR-55,762-10

JOSEPH BARNARD HINES,                         §

     RELATOR

V.                                            § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL·DISTRICT CLERK OF
HARRIS COUNTY,                                §
        RESPONDENT


PROPOSE ORDER

On this day, came on to be heard the foregoing Relator's original application of writ of mandamus and it appears to the Court that the same should be:


GRANTED


  IT IS THEREFORE ORDERED, that the district clerk shall immediately transmit to the court of criminal appeals the supplemental applications for writ of habeas corpus, memorandums, and exhibits filed in the above cause.

SIGNED ON THIS_____DAY OF_____,20___.



_____
PRESIDING JUDGE

5

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

## INSTRUCTIONS

1.  You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.  The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3.  You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4.  You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.  Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6.  You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7.  Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8.  You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.  When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Ex-A

Case No. 809892-B/WR-55,762-10
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: JOSEPH BARNARD HINES

DATE OF BIRTH: MARCH 26, 1981

PLACE OF CONFINEMENT: TEXAS DEPARTMENT OF CRIMINAL JUSTICE

TDCJ-CID NUMBER: 901768          SID NUMBER: _____

(1)     This application concerns (check all that apply):

   [X] a conviction                [ ] parole

   [X] a sentence                  [ ] mandatory supervision

   [ ] time credit                 [ ] out-of-time appeal or petition for
                                        discretionary review

(2)     What district court entered the judgment of the conviction you want relief from?
        (Include the court number and county.)

        180th DISTRICT COURT OF HARRIS COUNTY

(3)     What was the case number in the trial court?

        809892

(4)     What was the name of the trial judge?

        DEBBIE M. STRICKLIN

THIS IS A SUPPLEMENTAL APPLICATION TO THE ABOVE CASE NUMBER APPROVE BY THE
COURT OF CRIMINAL APPEALS. see, EX-B.

Effective: January 1, 2014                1                              Rev. 01/14/14

EX-A

(5) Were you represented by counsel? If yes, provide the attorney's name:

CHARLES A. BROWN

(6) What was the date that the judgment was entered?

OCTORBER 29,1999

(7) For what offense were you convicted and what was the sentence?

AGGRAVATED SEXUAL ASSAULT/ LIFE

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

BN/A

(10) What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Ex-A

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO

(12) Did you appeal from the judgment of conviction?

X yes ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? __14th court of appeals__

(B) What was the case number? __14-99-01364-CR__

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
CHARLES A. BROWN

(D) What was the decision and the date of the decision? __AFFIMED/ 2-16-01__

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

X yes ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? __REFUSED__

(B) What was the decision and the date of the decision? __UN-KNOWN__

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X yes ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? __55,762-05__

3

Ex-A

(B) What was the decision and the date of the decision? DENIED WITHOUT WRITTEN ORDER/8-25-04

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

THE CURRENT CLAIMS COULD NOT HAVE BEEN REASONABLEY FORMULATED BECAUSE THE LEGAL BASIS OF A FINAL DECISION OF A COURT OF APPELLATE JURISDICTION OF

THIS STATE HAD NOT BEEN ISSUED.MOON V. STATE,410 S.W.3d 366(TEX.APP.HOU. [1st dist.]2013;aff'd   S.W. 3d  ,2014 TEX. CRIM.APP.LEXIS 1918,2014 WL

6997366. Also,by the preponderance of the evidence,but for the violation of a constitutional right no rational juror could have found Applicant guilty beyond a reasonable doubt where jurisdiction is lacking,in the district court,and for the princples set out in GRAHAM V. FLORIDA,560 130 S.Ct.,170 L.Ed.2d 825,2010 US LEXIS 881 & ROPER V. SIMMONS,543 US 551,125 S.Ct, 1183,161 L. Ed. 2d 1.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

x ☐ yes                              ☐ no

If you answered yes, please provide the name of the court and the case number:

THE WRIT OF HABEAS CORPUS IN THIS WR-55,762-10/TR. NO.809892-B IS STILL PENDING WHILE THIS SUPPLEMENT IS BEING FILED.

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                                ☐ no
                                      X

If you answered yes, answer the following questions:

(A) What date did you present the claim?  _____
                                            N/A

(B) Did you receive a decision and, if yes, what was the date of the decision?

N/A_____

If you answered no, please explain why you have not submitted your claim:

N/A

4

Rev. 01/14/14

Ex-A

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Ex-A

Rev. 01/14/14

**GROUND ONE:** THE JUVENILE COURT ABUSED IT'S DISCRETION IN WAIVING IT'S JURIS-
DICTION IN TRANSFERING APPLICANT TO A CRIMINAL DISTRICT COURT,THEREFORE THE

CRIMINAL DISTRIC COURT LACKED JURISDICTION OVER APPLICANT WHERE THE TRANSFER
ORDER MADE NO FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE AND CIRCUM-
STANCES.

## FACTS SUPPORTING GROUND ONE:

THE JUVENILE COURT TRANSFER ORDER DOES NOT CONTAIN SPECIFICS FINDINGS OF THE

COURT IN IT'S REASONS FOR TRANSFER OF APPLICANT.see,EX-D[ORDER WAIVING JUR-
ISDICTION,ALSO,SUPPLEMENTAL EX-A]. THE ONLY REASON STATED FOR TRANSFER OF
APPLICANT IS THE OFFENSE ALLEGED WAS A SERIOUS ONE,AND THE OFFENSE WAS AG-

AINST A PERSON.see,EX-D[ORDER WAIVING JURISDICTION,ALSO EX-A-SUPPLEMENTAL].

SEE ALSO ATTACHED MEMORAMDUM OF LAW. ALSO,THE TRANSFER ORDER IN QUESTION IS

ON FILE WITH THE COURT OF CRIMINAL APPEALS UNDER WR-55,762-05.

6

Ex-A

Ex-A

**GROUND TWO:** APPLICANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS WAS VIOLATED DURING THE SENTENCING STAGE OF TRIAL, DUE TO THE DISTRICT ATTORNEY'S JUDGMENT MADE AT THE OUT-SET THAT HE WILL NEVER BE FIT TO RE-ENTER SOCIETY.

**FACTS SUPPORTING GROUND TWO:** THE DISTRICT ATTORNEY MADE THE JUDGMENT AT THE OUT SET THAT APPLICANT WOULD NEVER BE FIT TO RE-ENTER SOCIETY DURING THE SENTENCING STAGE; BY INFORMING THE JURY THAT APPLICANT COULD NOT BE FIX, REHAB-ILITATED, HE WOULD NEVER BE RIGHT, AND TO DISREGUARD HIS AGE WHEN CONCERNING SEN-tencing.see, EX-C [TR. C.&.R. vol.8, pages 17-19]

8

Ex-A

Rev. 01/14/14

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Ex-A

11

Ex-A

Rev. 01/14/14

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12



Ex-A

Rev. 01/14/14

GROUND:

_____

_____

FACTS SUPPORTING GROUND:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

EX-A

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20 _____.

_____
Signature of Notary Public

16

Ex-A

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and
JOSEPH BARNARD HINES
being presently incarcerated in _____, declare under penalty of
TEXAS DEPARTMENT OF CRIMINAL JUSTICE

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20____
APRIL 13              15

_____
Signature of Applicant / Petitioner (circle one)

17

Ex-A

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

Rev. 01/14/14

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

EX PARTE §

JOSEPH BARNARD HINES, § TRIAL CAUSE NO.809,892-B

APPLICANT § WR-55,762-10

SUPPLEMENTED MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF SECOND APPLICATION FOR WRIT OF HABEAS CORPUS RELIEF,PURSUANT TO T.C.C.P. ARTICLE 11.07§ 4(a)(1)(b)AND (a)(2).

---

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES,JOSEPH BARNARD HINES,Applicant,in pro se,seeking habeas corpus relief pursuant to T.C.C.P. ART. 11.07 § 4(a)(1)(b) and (a)(2).

Aplicant submits that he is being illegally confined in that his conviction is in violation of law of both the United States and Texas Constitutions; Where Applicant is being deprived of his due process rights guaranteed by the 14th amendment of the United States Constitution.

Applicant was granted permission by the Court of Criminal Appeals to supplement his second 11.07 writ of habeas corpus in the above writ and trial cause numbers.

X _____
IN PRO SE

I.

EX-A

# TABLE OF CONTENTS

TITLES:                                                                                    PAGES

COVER SHEET .          .          .          .          .          .          .          .          . I

TABLE OF CONTENTS .          .          .          .          .          .          .          . II

EXHIBITS    .          .          .          .          .          .          .          .          II

GROUNDS FOR RELIEF IN SUPPLEMENTAL WRIT OF HABEAS CORPUS ...          .          .          III

PROCEDURAL HISTORY    .          .          .          .          .          .          .          IV

11.07 sec. 4 statement    .          .          .          .          .          .          .          V-VI

GROUND ONE    .          .          .          .          .          .          .          .          1-5

GROUND TWO    .          .          .          .          .          .          .          .          6-10

---

**EXHIBITS[EX]** IN PENDING WRIT OF HABEAS CORPUS USED IN THIS SUPPLEMENTAL WRIT
ALSO:

EX-D

**SUPPLEMENTAL EXHIBITS[EX]:**

**EX-A** [ORDER WAIVING JURISDICTION]this order is also on record with the Court
of Criminal Appeals in WR-55,762-05.

**EX-B** [ORDER BY THE COURT OF CRIMINAL APPEALS GRANTING APPROVAL TO FILE SUP-
PLEMENTAL WRIT OF HABEAS CORPUS]

**EX-C** [TRIAL COURT REPORTER'S RECORDS vol.5,pages17-19]

EX-S [JUDGMENT & SENTENCE]

EX-T [AFFIDAVIT OF APPLICANT]

EX-A

**II.**

GROUNDS FOR RELIEF PRESENTED IN SECOND SUPPLEMENTAL WRIT OF HABEAS CORPUS.


GROUND ONE : THE JUVENILE COURT ABUSED IT'S DISCRETION IN WAIVING IT'S JURIS-
DICTION AND TRANSFERRING APPLICANT TO A CRIMINAL DISTRICT COURT; THEREFORE
THE CRIMINAL DISTRICT COURT LACKED JURISDICTION OVER APPLICANT WHERE THE TRA-
NSFER ORDER MADE NO FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE AND
CIRCUMSTANCES.

GROUND TWO: APPLICANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS WAS VIOLATED
DURING THE SENTENCING STAGE OF TRIAL, DUE TO THE DISTRICT ATTORNEY'S JUDGMENT
MADE AT THE OUT-SET THAT HE WILL NEVER BE FIT TO RE-ENTER SOCIETY.

III.

Ex-A

## PROCEDURAL HISTORY

Applicant was arrested at the age of (16) sixteen and charged as a juvenile with the offense in question. The State filed a petition seeking the waiver of jurisdiction of the 313th juvenile district court.see,EX-D [PETITION ]. A certification hearing was held where the juvenile court granted the States petition and issued a order waiving jurisdiction.see,EX-D [ORDER WAIVING JURISDICTION;SEE ALSO APPLICANT'S ADDITIONAL ATTACH COPY AT EX-A].

Applicant was transferred to the 180th district court for criminal proceedings,where he plea not guilty and proceed to jury trial. The jury found him guilty and sentence him to life in the Texas Department of Criminal Justice system.see,EX-S [JUDGMENT & SENTENCE] .

Applicant filed a notice of appeal through counsel,which was affirmed by the 14th Court of Appeals inNo appeal to the order waiving jurisdiction was taken where Applicant was not informed by certification counsel,or trial counsel.see,EX-T [AFFIDAVIT BY APPLICANT],or by the juvenile court of the right to appeal.see, EX-D [ORDER WAIVING JURISDICTION;ALSO SUPPLEMENTAL EX-A].

Applicant then filed his original 11.07 writ of habeas corpus ,which was denied without written order. Applicant then filed his second 11.07 writ of habeas corpus,which is still pending in the Court of Criminal Appeals,and he was granted permission to supplement said habeas corpus within 30 days.see,EX-B[ COURT OF CRIMINAL APPEALS ORDER].

Ex-A

IV

## 11.07 SECTION 4 STATEMENT:

Applicant now supplement his section 4 statement pursuant to article 11.07§4(a)(1)(b) and (a)(2). Because the current claims has not been and could not have been reasonably formulated on the date of the filing of his original habeas corpus,because the legal basis of the claim[standard for review] was not regonied by and could not have been reasonably formulated from a final decision of a Court of Appellate Jurisdiction of this State on or before the filing of his original habeas corpus.see,MOON v. STATE,410 S.W. 3d 366(TEX. APP.-HOUSTON[1st dist.]2013; AFF'D___ S.W. 3d__,2014 TEX. CRIM. APP. LEXIS 1918,2014 WL 6997366.].

Also,by the preponderance of the evidence,but for the violation of Applicant's due process rights of the United States Constitution no rational juror could have found him guilty where the criminal district court lacked jurisdiction,and the princples set out in GRAHAM v. FLORIDA,560 US-,130 S.Ct.-,176 I.Ed 2d 825,2010 US LEXIS 3881 and ROPER v. SIMMONS,543 U.S. 551,125 S.Ct.1183,161 L. Ed.2d 1.

Under the plain language of the statute,once an Applicant files an ~~annappolicathinn~~ application challenging the conviction,all subsequent applications regarding the same conviction must meet 'one' of the two conditions set forth in,Texas Code of Criminal Procedures 11.07 § 4(a)(1) and (2).see,EX PARTE WHITESIDE,12 S.W. 3d 821.

The Texas COurt of Criminal Appeals held,"what is lacking in our statutory scheme-as is lacking in KENT-is any express statement of the applicable standard of appellate review of the juvenile court's transfer order.

In the absence of an explicit statutory standard of appellate review,the Court of Appeals have filled the void with decisional law spelling out how that will go about providing the "meaningful review" contemplated by KENT.see,MOON v. STATE,2014 TEX. CRIM.APP. LEXIS 1918;see also,MOON v. STATE,410 S.W. 3d 366(tex. APP.-HOUSTON[1st dist]2013).

Justice KELLER,stated,"For almost forty years,the tendency among the courts of appeals has been to hold that a juvenile transfer order need not specify in detail the facts supporting the order. The Court of Appeals in this case broke rank with the

Ex-A          v.

weight of that authority,and this Court now goes along with the Court of Appeals unconventional holding."

In the instant case,even if Applicant had raise the issue abuse of discretion/lack of jurisdiction on appeal or in his original writ of habeas corpus it would have been fruitless where there was a void in the statutory scheme process of a applicable standard of review.

In concerning Applicant's second ground the princples of supreme Court rulings in GRAHAM v. FLORIDA,560 US-,130 S.Ct.-,176 L. Ed 2d 825,2010 US LEXIS 3381 and ROPER v. SIMMONS,543 U.S. 551, 125 S.Ct. 1183,161 L. Ed. 2d 1.,had not been established that it would be a violation of the eighth amendment,if the state makes the judgment at the out-set that the juvenile will never be fit t to re-enter society.

Finally,Applicant contends that his suppemental writ of habeas corpus contains legal basis which was unavailable on or before the filing of his original habeas corpus;where said claim could not have been reasonably formulated from the final decision of a Court of Appellate Jurisdiction of this State,and but for a violation of the United States Constitution. no rational juror could have found him guilty where the criminal court lacked jurisdiction,and the violation of his eighth amendment right.

VI.

Ex-A

GROUND ONE: THE JUVENILE COURT ABUSED IT'S DISCRETION IN WAIVING IT'S JURIS-
DICTION AND TRANSFERRING APPLICANT TO A CRIMINAL DISTRICT COURT; THEREFORE THE
CRIMINAL DISTRICT COURT LACKED JURISDICITON OVER APPLICANT WHERE THE TRANSFER
ORDER MADE NO FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE OR CIRCUM-
STANCES.

---

## STANDARD FOR REVIEW:

When reviewing the process of a juvenile court transfering a ju-
venile to a criminal district court is reviewed by KENT v. UNITED
STATES, the United States Supreme court characterized the statu-
tory transfer proceedings in the district of Columbia as "criti-
cally important", and held that any statutory mechanism for waiv-
ing juvenile- court jurisdiction must at least "measure up to the
essentials of due process and fair treatment. "Among the requis-
ites of a minimally fair transfer process is the opportunity for
a meaningful appellate review. id. 16 L.Ed.2d 84,383 US 541,86
S.Ct. 1045.

A policy memorandum promulgated by the district of Columbia ju-
venile court's that decribes "determinative factors" for guiding
the juvenile court's discretion in deciding whether waiver of it'
it's jurisdiction over a particular juvenile offender is appro-
priate.id.

The Texas legislature incorporated those factors set out in
KENT, into it's own statutory scheme. Tex. Fam. CODE Ann.§54.02(f).

THe 1st Court of Appeals of Houston has set a proper standard
for a meaningful review comtemplated by KENT, in it's ruling in
MOON v. STATE, 410 S.W. 3d 366, 2013 Tex. App. LEXIS 9345(Tex. App.
Houston 1st. dist. 2013, aff'd — S.W. 3d — 2014 (Tex. Crim. APP. Lexis 1918, 2014 WL 6487361,
where its sister court, the 14th Court
of Appeals has followed suit in GUERRERO v. STATE, 2014 TEX, APP.
LEXIS 13773 no. 14-13-00101-CR(TEX.APP.HOUSTON 14th dist 2014).

## ARGUMENT AND AUTHORITY:

Applicant contends that he is being illegaly restrained of his
liberty in violation of his 14th amendment of due process, where t
the juvenile court abused it's discretion in waiving jurisdiction
and not showing it's work by specifically stating in it's written
order

1

Ex-A

order it's reasons for waiver and the findings of the court. see,EX- D [ORDER WAIVING JURISDICTION,ALSO SUPPLEMENTAL EX-A].

The juvenile court stated in it's order that there is probable cause to believe that the child committed the offense alleged,but the court showed no findings.see,EX- D [ORDER WAIVING JURISDICTION,ALSO SUPPLEMENTAL EX-A].

The juvenile court abusedof discretion continued further where the order waiving jurisdiction did not specifically state it's reasons for waiver and certify it's actions in a written order or the findings of the court. The juvenile court merely filled out a form certification order containing "boilerplate" language and did not include specific evidentiary findings to support it's determinations.see,EX- D [ORDER WAIVING JURISDICTION,ALSO SUPPLEMENTAL EX-A].

Before a juvenile court may exercise it's discretion to waive jurisdiction over an alleged child offender,the juvenile court must consider the non-exclusive statutory factors of Texas Family Code Ann.§ 54.02(f) to facilitate the juvenile court's balancing of the potential danger to the public posed by the particular juvenile offender with the juvenile offender's amendbility to treatment.

Should the juvenile court choose to exercise it's discretion to waive jurisdiction over the child,the Texas Juvenile Justice Code directs it to state specifically in a written order it's reasons for waiver and to certify it's action,including the written order and findings of the court.see,GUERREO v. STATE,2014 TEX. APP. LEXIS 13773(TEX. APP. 14th dist.-Houston).

Texas Family Code Ann.§54.02(h) obviously contemplates that both the juvenile court's reasons for waiving it's jurisdiction and the findings of fact that undergrid those reasons should appeai i in the transfer order. In order to justify the broad discretion invested in the juvenile court,a court should take pains to show it's work,as it were,by spreading it's deliberative process on the record,thereby providing a sure-footed and definite basis from which an appellate court can determine that it's decision was in fact appropriately guided by the statutory criteria,principled,and reasonable-in short,that it is a decision demonstrably deserving of appellate ~~conrimatur~~ *imprimatur* even if the appellate

court might have reached a different result. The ~~legisdgure~~ legislature purpose of Tex. Fam. Code Ann.§54.02(h) is not well served by a transfer order so lacking in speculate as to the juvenile courts reasons for findingstransfer to be appropriate or the facts the juvenile court found to substantiate those reasons. Conversely, ~~the~~ the juvenile court that does the heavy lifting Tex.Fam.Code Ann. §54.02(h) requires and shows it's work should rarely be reversed. id;also MOON v. STATE,2014 TEX. ~~APPM.~~ *Crim.* APP. LEXIS 1918.

## TRANSFERRING JUVENILE JURISDICTION

Section 54.02 of the juvenile justice code provides that the juvenile court may waive it's exclusive original jurisdiction and transfer a child to the appropriate district court ~~of~~ criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2)  the child was:

(A)  14 years of age or older at the time he is alleged to have committed the offense,if the offense is a capital felony,an aggravated controlled substance felony,or a felony of the first degree,and no adjudication hearing has been conducted concerning that offense;or (B)15 years of age or older at the time the child is alleged to have committed the offense,if the offense is a felony *of the* ~~and the~~ second or third degree or a state jail felony,and no adjudication hearing has been conducted concerning that offense; and (3) after a full investigation and a hearing,the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.Tex. Fam. Code Ann §54.02 (a).

To facilitate this determination,the juvenile court must consider,among other matters,the following factors:

1] whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

2] the sophistication and maturity of the child;

3

3] the record and previous history of the child;

4] the prospect of adequate protection of the public and the like- ilhood of the rehabilitation of the child by use of procedure, services, and facilities currently available to the juvenile court. id. §54.02(f).

If the juvenile court waive jurisdiction, it is required to "sta- te specifically in the order it's reasons for waiver and certify it's action, including the written order and findings of the court." id. §54.02(h).

In the instant case, which is identical to MOON, the only reason specifically stated in the juvenile court's order to justify the waiver of jurisdiction was that the offense alleged was a serious one, and the only fact specified in support of this reason was that the offense alleged was committed against a person. see, EX- D [ORDER WAIVING JURISDICTION, ALSO SUPPLEMENTAL EX-A].

The court held that a waiver of juvenile jurisdiction "based on this particular reason, fortified only by this fact, constitutes an abuse of discretion."

Additionally, the court determine that other fact findings in- cluded in the juvenile court's written order were "superfluous" because, although those fact findings would have been relevant to support a transfer for the alternative reason that the Appellates bAckground was such as to render waiver of juvenile jurisdiction appropriate, the juvenile court did not cite the appellate's back- ground as a reason for in transfer in the written order. MOON v. STATE, 2014 TEX. CRIM. APP. LEXIS, 1918, ]wl]AT*14-15.

In the instant case, like the order in MOON, the transfer order in this case makes no findings about the specifics of the alleged of offense, where here, two counts of aggravated sexual assaults and finds no more than probable cause to believe that Applicant com- mtted the offense alleged. see, EX- D[ORDER WAIVING JURISDICTION, ALSO EX-A SUPPLEMENTAL].

ALSO, AS IN MOON, the only stated reason given for applicant's transfer was that "because of the seriousness of the offense, the walfare of the community requires criminal proceedings," and the only specific fact supporting this reason was that "the offense alleged to have been committed was against the person of another.,,

EX-A          4

MOON, instructs that the juvenile courts waiver of jurisdiction "based on this particular reason fortified only by this fact" constitutes an abuse of discretion. 2014 TEX. CRIM. APP. LEXIS 1918, [WL] at *16.

In the instant case, due to the juvenile court abuse of discretion during the certification hearing violating Applicant's due process rights; The criminal district court was without jurisdiction to enter it's judgment.

Furthermore, by a preponderance of the evidence, but for a violation of the United States Constitution[lack of jurisdiction and due process]no rational juror could have found Applicant guilty beyond a reasonable doubt.

HARM:

Applicant was harm by the juvenile courts abuse of discretion during the certification hearing, where his 14th amendment of the United States Constitution was violated and force him to a criminal district court lacking jurisdiction to issue a judgment by convicting him as an adult. Applicant was unable to recieve a meaningful review by an appellate court, where the order waiving jurisdiction is incomplete and shown on it's face.

## PRAYER FOR RELIEF:

Applicant respectfully prays this Court of Criminal Appeals grant him relief by vacating and dismissing the judgment of the 180th district court, and remand the case to the juvenile court.

X _____

GROUND TWO: APPLICANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS WAS VIOLATED DURING THE SENTENCING STAGE OF TRIAL, DUE TO THE DISTRICT ATTORNEY'S JUDGMENT MADE AT THE OUT-SET THAT HE WILL NEVER BE FIT TO RE-ENTER SOCIETY.

---

STANDARD OF REVIEW:

The standard of reviewing eighth amendment violations when sentencing a juvenile offender is viewed in light of GRAHAM v. FLORIDA, 560 U.S.—, 130 S.Ct. 176 L.Ed. 2d 825, 2010 US LEXIS 3881. The eighth amendment does not foreclose the possibility that persons convicted of non-homicide crime committed before adulthood will remain behind bars for life. But, it does forbid states from making the judgment at the out-set that those offenders' never will be fit to re-enter society. id.

Also, ROPER v. SIMMONS, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed. 2d 1. ""An offenders' age is relevant to the eighth amendment and criminal procedure laws that fail to take defendant's youthfulness into account at all would be flawed. id.

ARGUMENT AND AUTHORITY:

In the instant case, Applicant contends that he is being restrained of his liberty in violation of his 8th and 14th amendment rights, due to the principles set out in GRAHAM and ROPER. id.

During the sentencing stage of trial the district attorney made the 'JUDGMENT' at the out-set of the sentencing that Applicant could not be fix/rehabilitated to re-enter society by stating:

[IN PERTIENT PART]

[TR. C.R.R. vol. 8 at pg.17 par.13-25] see, EX-C

D.A.: "we talked when the voir dire was begun about the different theories and defense mentioned them to you. And the first one was rehabilitation? Remember we talked about rehabilitation? One theory of punishment and, you know, when you think about it, do you think you can really rehabilitate somebody like that? Do you think that can be fixed? Somebody that did what this man did to the Vongs', to the Huynhs, to Bach Ho and her family? Do you think you can fix that? You can't fix that. Not when that is 17 years old and starting out his adult record doing things like that. That

EX-A

6

can't be fixed.And you know how you know it ca'nt be fixed?"id.
[con't. from TR. C.R.R. vol.8,pg.18,par.1-25]SEE,EX-C

And you know that rehabilitation is not an issue?Because you can look at state's exhibit no.94 the judgment and sentence from thejuvenile court. The judgment and sentence that tells you that this man went to TYC,the Texas Youth Commision,the TDC for youthful offenders and it didn't teach him one thing. He did not learn his lesson.You know if you can go to TYC when you are 16 and come out of there and commit first degree felonies in a string,in a month,you can't be fixed and rehabilitation is not the issue and this tells you that.That is what this is for.

And,you know,don't get hung up on the fact that he's 18 now. Don't you even let that enter your mind. Because the acts that he committed are very adult. There is no doubt that he's committing violent adult acts against adult people and children. So,don't you dare go back there and have some kind of sympathy for him because you know what? He was already gone into custody at the Texas Youth Commision when he was a juvenile under the law.And when he committed those offenses when he was 16 years and 10 months old and he was certified to stand trial as an adult,that is because he is an adult. What he does is an adult and he should be sentenced as an adult and he will be.So you.id.
[con't from TR. C.R.R. vol.8,pg.19,par.1-9] SEE,EX-C
Think about that and you can decide that rehabilitation is not the issue. You can think about the second issue,deterrence. Your verdict,the punishment that you assess in this case is not just going to affect Mr.Hines.It will affect this defendant because it will deter this man from doing anything else,to hurt anybody,any citizen of harris county or any other county for the rest of his life.id.

Now back to the present time,the district attorney's judgment of:
["And you know,when you think about it,do you think you can really rehabilitate somebody like that?; Do you think that can be fixed?;Do you think you can fixthat?; You cant fix that.; That cant be fixed.;And you know how you know it can't be fixed and you know that rehabilitation is not an issue?]

Did not only place Applicant as something lower than a human being by referring to him as "IT" and "THAT". The district attorney's judgment violated App-

licant's eighth and fourteenth amendment rights.

The eighth amendment does not foreclose the possibility that persons convited of non-homicide crimes committed before adulthood will remain behind bars for life. But it does forbid state's from making the judgment at the out set that those offenders never will be fit to re-enter society.GRAHAM v. FLORIDA,560 US-,130 S.Ct.-176 L. Ed.2d 825,2010 US LEXIS 3881[decided May 17,2010].

Even if the state's judgment<*pg.845>that graham was incorrigible were later corroborated by prison misbehavior or failure to mature,the sentence was still disproportionate because that judgment was made at the out set.id.

The judgment is not appropriate in light of a juvenile non-homicide offenders' capacity for change and limited moral culpability. A state's rejection of rehabilitation,more over,goes beyond a mere expressive judgment.id.at pg.24.

To justify life without parole on the assumption that the juvenile offender forever will be a danger to society requires the sentencer to make a judgment that the juvenile is incorrigble.The characteristics of juvenile make that judgment questionable."It is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity,and the rare juvenile offender whose crime reflects irreparable corruption.see,ROPER,supra,at 573,125 S.Ct. 1183,161 L. Ed. 2d 1.

Juveniles are more capable of change than are adults,and their actions are less likely to be evidence of irretrievably depraved character "than are actions of adults.ROPER,543 US at 570,125 S.Ct. 1183,161 L.Ed. 2d 1. It remains true that "from a moral standpoint it would<*pg.842>be misguided to equate the failings of a minor with those of an adult for a greater possibility exist that a minors character deficiencies will be reformed."Ibid.

As compared to adults,juveniles have a 'lack of maturity an an underdeveloped sense of responsibility'",they are more vulnerable or suscepcible to negative influences and outside pressure,including peer presure",and their characters are "not as well formed."I Id.,at 569-570,125 S.Ct. 1183,161 L. Ed. 2d 1.

8

EX-A

These salient characters mean that [i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects irreparable corruption."Id.,at 573, 125 S.Ct. 1183,161 L. Ed. 2d 1. Accordingly, juvenile offenders cannot with reliability be classified among the worst offenders." Id.,at 569,125 S.Ct. 1183,161 L. Ed.2d 1.

In the instant case,the District Attorney also informed the jury to disregard Applicant's age when determining a sentence by stating:["And,you know,dont get hung up on the fact that he's 18 now. Don't you even let that enter your mind. Because the acts that he's committing are very adult acts against adult people and children. So,dont you dare go back there and have some kind of sympathy for him because he is 18"].

The Supreme Court held that an offender's age is relevant to the eighth amendment and criminal procedure laws that fail to take defendant's youthfulness into account at all would be flawed.See, GRAHAM v. FLORIDA,560 US-,130 S.Ct.,176 L. Ed. 2d 825,2010 US LEXIS 3881.

In the instant case,the District Attorney went further to instruct the jury that Applicant was irredeamable of rehabilitation by stating:["And you know that rehabilitation is not an issue?Because you can look at state's exhibits no.94 the judgment and sentence from the juvenile court. The judgment and sentence that tell you that this man went to TYC,the Texas Youth Commission,the TDC FOR YOUTHFUL OFFENDERS" AND IT DIDN"T TEACH HIM ONE THING.He did not learn his lesson.You know if you can go to TYC when you are 16 and come out of there and commit first degree felonies in a string ,in a month,you ca'nt be fixed and rehabilitation is not the issue and this tells that.]

Now back to the present time,these statments surely had a major affect on the jury concerning sentencing for rehabilitation,where the District Attorney improperly informed the jury that[TYC]the Texas YOUTH Commission was "PRISON" for youthful offenders' and such attempt had fail to rehabilitate Applicant who was sent there for unauthorize use of a motor vehicle.

As stated before juveniles are more capable of chage than are adults,and their actions are less likely to be evidence of "irre-

Ex.A    9

trievably depraved character" than are the actions of adults. ROPER,543 U.S. at 570,125 S.Ct.1185,161 L. Ed. 2d 1. It remains true that "from a moral standpoint it would<*pg.842>be misguided to equate the failings of a minor with those of an adult for a greater possibility exist that a minor's character deficiencies will be reformed.Ibid.

## CONCLUSION

In the instant case,had it not been for a violation of Applicant's eighth and fourteenth amendment of the United States Constitution,Where the District Attorney made the judgment at the out set that he will never be fit to re-enter society. Theres reasonable probility that the jury would not have access punishment at life.

CHIEF JUSTICE ROBERTS,concurred in the judgment in GRAHAM,supra by stating:"Our existing precedent already provides a sufficient frame work for assessing the concerns outlined by the majority. Not every juvenile receiving a life sentence will prevail under this approach. Not every juvenile should.But all will receive the protection that the eighth amendment requires.560 U.S.,130 S.Ct. 176 L. Ed. 2d 825,2010 US LEXIS 3881.

## HARM:

Applicant was harmed by the violation of his eighth and fourteenth amendments,where had it not been for the district attorney's judgment at the out set that he never will be fit to re-enter society; Theres reasonable possibility/probility that the jury would have considered rehabilitation,his lack of maturity and underdeveloped sense of responsibility,and lessen culpatbility before sentencing him to life.

## RELIEF:

Applicant respectfully request relief inform of setting aside the district courts punishment and order a new sentencing phase without any judgments made at the out set of the sentencing phase.

Ex-A     10

CERTIFICATE OF SERVICE

I, JOSEPH BARNARD HIMES, #901768, hereby certify that this supplemental writ of habeas corpus of trial cause no.809,892-B & WR-55,762-10 has been mail by U.S. postal service to: CHRIS DANIEL-harris county district clerk-P.O. BOX 4651-Houston, Texas 77210-4651, on April 14, 2015.

executed on APril 13, 2015.

X _____
JOSEPH B. HINES#901768
CONNALLY UNIT
899 F.M. 632
KENEDY, TX. 78119

11

Ex. A

## AFFIDAVIT

I,JOSEPH BARNARD HINES,am over 18 years of age and capable of making the affidavit,and I'm of sound mind and aware of the facts stated in this affidavit which is true and correct.

I was arrested as a juvenile at 16 years of age;A certification hearing was held and I was transferred to the 180th criminal district court where I plead not guilty and went to trial by jury, which found me guilty and sentence me to life.

I inform my counsel that I wanted to appeal my case,but he never inform me that I could appeal the transfer order inconjuction with the appeal of conviction, neither did the juvenile court inform me of the appeal.see,EX-A[ORDER WAIVING JURISDICTION].

### UNSWORN DECLARATION

I,JOSEPH BARNARD HINES,BEING presently incarcerated in the Texas Department of Criminal Justice swear under the penalty of perjury that the above statement is true and correct to the best of my personal knowledge.
executed on April 13,15,

x _[signature]_

EX-T

EX-A

JOSEPH BARNARD HINES
#901768-CONNALLY UNIT
899 f.m. 632
KENEDY, TEXAS 78119


CLERK OF THE
COURT OF CRIMINAL APPEALS
P.O.BOX 12308,CAPITOL STATION
AUSTIN,TEXAS 78711

date: APRIL 14,2015

RE: SUPPLEMENTAL WRIT OF HABEAS CORPUS IN WRIT NO.55,762-10 & TR.no.809,892-B

DEAR CLERK,

THIS IS MY NOTICE THAT I HAVE FILED MY SUPPLEMENTAL WRIT OF HABEAS CORPUS
WITH THE DISTRICT COURT ON APRIL 14,2015,WHERE I WAS GRANTED PERMISSION TO
FILE BY THIS COURT WITHIN 30 DAYS.

NOTE]: THIS IS A ANOTHER MADE COPY BY APPLICANT WHERE HE SENT HIS ORIGINAL
        LETTER TO THIS COURT ON THE 14th of APRIL,2015.

c.c.f.

x _____

EX-B

COURT OF CRIMINAL APPEALS OF TEXAS
APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

EX-C

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _____ JOSEPH BARNARD HINES _____

DATE OF BIRTH: _____ MARCH 26, 1981 _____

PLACE OF CONFINEMENT: texas department of criminal justic

TDCJ-CID NUMBER: _____ 901768 _____ SID NUMBER: _____

(1)   This application concerns (check all that apply):

     [X]   a conviction         [ ]   parole

     [X]   a sentence          [ ]   mandatory supervision

     [ ]   time credit         [ ]   out-of-time appeal or petition for discretionary review

(2)   What district court entered the judgment of the conviction you want relief from? (include the court number and county.)

     180th district court of harris county

(3)   What was the case number in the trial court?

     809892

(4)   What was the name of the trial judge?

     DEBBIE M. STRICKLIN

SUPPLEMENT APPLICATION TO BE ADDED TO SUPPLEMENTAL WRIT FILE ON 4-14-15. see, first page of memorandum for explanation.

Effective: January 1, 2014         1

Rev. 01/14/14

Ex-C

(5)    Were you represented by counsel? If yes, provide the attorney's name:

_____CHARLES A. BROWN_____

(6)    What was the date that the judgment was entered?

_____10-29-99_____

(7)    For what offense were you convicted and what was the sentence?

_____AGGRAVATED SEXUAL ASSAULT/ LIFE_____

(8)    If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____N/A_____

_____

(9)    What was the plea you entered? (Check one.)

    ☐ guilty-open plea         ☐ guilty-plea bargain
    ☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____N/A_____

_____

(10)    What kind of trial did you have?

    ☐ no jury            ☒ jury for guilt and punishment
                       ☐ jury for guilt, judge for punishment

2

Ex·C

Rev. 01/14/14

(11)    Did you testify at trial?  If yes, at what phase of the trial did you testify?

NO

(12)    Did you appeal from the judgment of conviction?

☒ yes                    ☐ no

If you did appeal, answer the following questions:

(A)    What court of appeals did you appeal to?  14th court of appeals

(B)    What was the case number?  14-99-01384-CR

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name:
CHARLES A. BROWN

(D)    What was the decision and the date of the decision?  AFFIRMED

(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)    What was the case number?  UNKNOWN

(B)    What was the decision and the date of the decision?  UNKNOWN

(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X ☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)    What was the Court of Criminal Appeals' writ number?  WR-55,762-05

3

Ex-C

(B) What was the decision and the date of the decision? _____

denied without written order
8-25-04

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

ACTUAL INNOCENCE-BUT FOR A VIOLATION OF A CONSTITUTIONAL RIGHT NO RATIONAL JUROR

WOULD HAVE FOUND APPLICANT GUILTY BEYOND A REASONABLE DOUBT BY THE

PREPONDERANCE OF THE EVIDENCE.

_____

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☒ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

THE WRIT OF HABEAS CORPUS IN THIS CAUSE ~~WR-88,848-10~~ WR-55,762-10 is still pending
~~WHILE THIS SUPPLEMENT IS BEING FILED~~

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

N/A

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____ N/A _____

If you answered no, please explain why you have not submitted your claim:

N/A

4

Rev. 01/14/14

Ex-C

_____

_____

_____

_____

_____

_____

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

ExC

**GROUND ONE:** ACTUAL INNOCENT-WHERE THERE IS A LACK OF **JURISDICTION, BECAUSE** THE JUVENILE COURT ABUSED IT'S DISCRETION IN TRANSFERING APPLICANT TO A CRIMINAL DISTRICT COURT;THEREFORE,THE CRIMINAL DSITRICT COURT LACKED JURISDICTION TO CONVICT AND SENTENCE.

**FACTS SUPPORTING GROUND ONE:**
APPLICANT IS ACTUALLY INNOCENT OF THE OFFENSE,WHERE THE CONVITING COURT WAS WITHOUT JURISDICTION TO ACT MAKING THE JUDGMENT VOID.SEE,ATTACHED MEMorandum and exhibits.

6

Rev. 01/14/14

Ex-C

7

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8



Rev. 01/14/14

GROUND THREE:

_____

_____

FACTS SUPPORTING GROUND THREE:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10



Ex·C

Rev. 01/14/14

Ex·C

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

Rev. 01/14/14

Ex. C

GROUND:

_____

_____

FACTS SUPPORTING GROUND:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Ex·C

Ex·C

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14



## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, ~~JOSEPH BARNARD HINES~~ , am the applicant / petitioner (circle one) and

being presently incarcerated in ~~TEXAS DEPARTMENT OF CRIMINAL JUSTICE~~ , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on ___APRIL, 15___ , 20 __15__ .

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

EX C

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

Ex-C

EX PARTE,                              §
§
JOSEPH BARNARD HINES,                   §     TR.809,892-B
APPLICANT                       §     WR-55,762-10
§

## Brief statement

Applicant would like to inform the court that he is not in any way trying to delay the proceeding in filing this additional ground to his supplemental writ habeas corpus. He is a pro se litigant in attempt to seek his constitutional rights;He also tried to stop the mailing of the supplemental application in order to add this ground but was unable too.see,INMATE REQUEST FORM. Applicant prays that this court exuse this error and file this ground with his supplemental writ where he was granted 30 days to present all evidence and the is 16 days left from today, and there has been no final ruling or answer by the State.

x _____

I  Ex.C

EX PARTE,                                §

JOSEPH BARNARD HINES,                    §        TRIAL CASE N.809,892-B
        APPLICANT                        §        WR- 55,762-10


APPLICANT SUPPLEMENTAL MEMORANDUM OF LAE IN SUPPORT OF
HIS SECOND WRIT OF HABEAS CORPUS 11.07 § 4(a)(2).


TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW,JOSEPH BARNARD HINES,Applicant in the above styled
cause,respectfully presents this supplemental memorandum of law
in support of his second writ of habeas corpus pursuant to TEX.
CODE CRIM. PROC. art. 11.07 § 4 (a)(2).

In support thereof,the Applicant states the following:

I.

Applicant filed his second writ of habeas corpus on 4-21-14 in
trial cause 809,892-B and WR-55,762-10.   The Court of Criminal
Appeals granted Applicant's request to supplement said application
and issued him 30 days to submit supplemental evidence.see,EX-B
[COURT OF CRIMINAL APPEALS ORDER IN SUPPLEMENTAL WRIT FILED ON 4-14-15]. 

Applicant prepared his supplemental writ of habeas corpus,which was pre-
maturly placed in the prison mail box on 4-14-15. Applicant contends that
there is (16) sixteen days left from today [4-15-15] to supplmental his habeas
application where there has not been a final ruling,and insert his actual inn-
ocance claim to his supplemental writ of habeas corpus as his
first ground to his supplemental writ of habeas corpus.

SECTION 4 STATEMENT:

Article 11.07 § 4(a)(2),provides that if a subsequent appli-
cation for writ of habeas corpus is filed after final disposit-
ion of an initial application challenging the same conviction,a
court may not consider the merits of or grant relief based on the
subsequent application unless the application contains specific
facts establishing that by a preponderance of the evidence,but for
for a violation of the United States Constitution no rational
jouor.could have found the Applicant guilty beyond a reasonable

1

EX-C

Section 4 applies to all applications following an initial application that challealenges the conviction.EX PARTE WHITESIDE,12 S.W. 3d 819,821 (TEX. CR. APP. 2002).

This honorable Court has held that article 11.07 is the apporpriate vehicle for testing due process violation in Texas. EX PARTE BRANDLEY,781 S.W. 2d 886,887 (TEX. CR. APP. 1989).

Applicant has the burden to prove by a preponderance of the evidence that the error(s) contributed to his conviction and or sentence.EX PARTE FIERRO,934 S.W. 2d 370,375 (TEX. CR. APP. 1996).

## PROCEDURE HISTORY:

Applicant procedural history is set out in hissupplemental writ of habeas corpus filed on 4-14-15.

GROUNDS FOR REVIEW IN SUPPLEMENTAL
WRIT OF HABEAS CORPUS

1] GATEWAY CLAIM-ACTUAL INNOCENT
2] ACTUAL INNOCENT-WHERE THE IS A LACK OF JURISDICTION,WHERE THE JUVENILE COURT ABUSED IT'S DISCRETION IN TRANSFERRING APPLICANT TO A CRIMINAL DISTRICT COURT;THEREFORE THE CRIMINAL DISTRICT COURT LACKED JURISDICTION.

## ARGUMENT & AUTHORITIES:

"GATEWAY CLAIM OF ACTUAL INNOCENCE"

This honorable Court has held that a subsequent application fo for writ of habeas corpu,asserting a constitutional violation, must be accomplained with a prima-facie claim of innocent.EX PARTE BROOKS,219 S.W. 3d at 396_97.

In order to satisfy this requirement,the application must contain specific facts establishing by a preponderance of evidence that,but for a constitutional violation,no rational juror would have found the applicant guilty "beyond a reasonable doubt."see, Vernon's Ann. Tex. C.C.P.,11.07 § 4(a)(2); art. 11.071 § 5(a)(2).

A credible claim of innocence serves to bring the Applicant within the "narrow class of cases" implicating a fundamental miscarriage of justice.SCHLUP v. DELO,513 U.S. at 315,119 S.Ct. 851.

2

In other words, a showing of innocence by a preponderance of the evidence is a gateway through which a habeas applicant must pass in order to have an other-wise barred constitutional claim considered on the merits. id., citing HERRERA v. COLLINS, 506 U.S. at 404, 113 S.Ct. 853.

PRIMA-FACIE SHOWING OF INNOCENCE:

Within this "GATEWAY" showing of innocence, the Applicant will demonstrate to this Honorable Court that he was unconstitutionally certified to stand trial as ~~an adult~~ *an Adult* and transferred to a criminal district court, where
[1] The juvenile court abused it's discretion in waiving jurisdiction, and the criminal district court lacked jurisdiction.

No rational juror would have found him guilty "beyond a reasonable doubt" in accords with article 11.07§4(a)(2) of the Texas Code of Criminal Procedures, where there is no jurisdiction.

### APPLICANT'S ONE COLORFUL PRIMA-FACIE
### FACT ESTABLISHING INNOCENCE

The following illustration will show this honorable court that Applicant is actual innocent of the offense because the criminal district court was without jurisdiction convict and sentence him.

The juvenile court abused it's discretion by waiving jurisdiction and transferring Applicant to a criminal district court, when it issued an order that did not contain specific findings of the court and certify it's action in a written order. see, EX-D[ ORDER WAIVING JURISDICTION; ALSO SUPPLEMENTAL EX-A].

Section 54.02 of the juvenile justice code provides that the juvenile court may waive it's exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
[1] the child is alleged to have violated a penal law of the grade of felony;
[2] the child was:
(A) 12 years of age or older at the time he is allege to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing ~~has been~~ ~~conducted concerning that allegation; or(2) 14 years of age, of the offender at at the time~~

3

conducted concerning that offense; or (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication haering has been conducted cencerning that offaase; and (3) atfer a full investigation and ahearing, the juveniäl court determines that there is probable cause to believe that the child before the court committed the offense alleged or tä the background of the child the walfare of the community requires criminal proceedings. TEX. FAM. CäDE ANN. §54.02(a).

To facilitate this determination, the juvenile court must consider, among other matters, the following factors:

1] whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

2] the sophistication and aaturity of the child;

3] the record and preious history of the child;

4] the prospect of adequate protection of the public and the likelihood of the rehabllitation of the child by use of procedures, services, and facilities currently available to the juvenile court. TEX. FAM. CODE ANN. §54.02(f).

Texas family code ann. §54.02(h) obviously contemplates that both the juvenile court's reason for waiving it's jurisdiction and the findings of fact that undergttd those reasons should appeai in the transfer order. In order to justify the broad discretion invested in the juvenile court, a court should take pains to show it's work, as it were, by spreading it's deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that it's decision was in fact appropriately guided by the statutory criteria, principled, and reasonable-in short, that it is a decision demonstrably deserving of appellate imprimatur even if the appellate court might have reached a different result. The legislature purpose of Tex. Fam. Code Ann. §54.02(h) is not well served by a transfer order so lacking in specifics that the appellate court is forced to speculate as to the juvenile court's reasons for finding transfer to be appropriate or the facts the juvenile court found to substantiate those reasons. Conversely, the juvenile court that does the heavy lifting Tex. Fam. Code Ann. §54.02(h) requires, and show it's work should rarely be reversed. MOON v. STATE, 2014 TEX. CRIM. APP. LEXIS 1918.

4

EX·C

If the juvenile court waives jurisdiction,it is required to "state specifically in the order it's reasons for waiver and certify it's action,including the written order and findings of the court."Tex. Fam. Code Ann.§ 54.02(h).

In the instant case,the only reason specifically stated in the juvenile court's order to justisfy the waiver of jurisdiction was that the offense alleged was a serious one,and the only fact specified in support of this reason was that the offense alleged was committed against a person.see,EX-D[ORDER WAIVING JURISDICTION:ALSO SUPPLEMENTAL EX-A].

The Court held that a waiver of juvenile jurisdiction "based on this particular reason,fortified only by this fact,constitutes an abuse of discretion."see,MOON v. STATE,2014 TEX. CRIM. APP. LEXIS 1918 [WL] at* 14-15.

The juvenile court abused it's discretion by waiving it's jurisdiction and transferring Applicant to the criminal district court,and the criminal district court never acquired jurisdiction over Applicant,when the transfer order made no findings about the specifics of the alleged offense and found no more than probable cause that applicant committed the offense alleged.see,GUERRERO v. STATE,2014 TEX. APP. LEXIS 13773.

Ajudgment rendered by a court wholly lacking jurisdiction is "void" and, is "an absolute nullity from its inception". HOANG v. STATE,872 S.W. 2d 694,699)Tex.Crim.App.1993);See also GALLAGHER v. STATE,690 S.W. 2d 587,589 n. 1 (Tex. Crim.App.1985). A defendant is denied due process of law and due course of the law when the district court acts without jurisdiction.EX PARTE BIRDWELL,7 S.W. 3d 160,162(TEX. CRIM. APP. 1999);see also U.S. Const. amend. XIV,§1; FRANK v. MANGUM,237 U.S. 309,326,35 S. CT.582,59 L. Ed. 969(1915)(due process requires that a criminal prosecution be before a court of competent jurisdiction).

By a preponderance of the evidence Applicant is actual innocente but for a violation of the United States Constitution[DENIAL OF DUE PROCESS AND LACKED OF JURISDICTION] no ratioal juror could have found Applicant guilty beyond a reasonable doubt.

5

EX.C

GROUND ONE: ACTUAL INNOCENT-WHERE THERE IS A LACK OF JURISDICTION, BECAUSE THE THE JUVENILE COURT ABUSED IT'S DISCRETION IN TRANSFERRING APPLICANT TO A CRIMINAL DISTRICT COURT; THEREFORE THE CRIMINAL DISTRICT COURT LACKED JURISDICTION.

---

STANDAR FOR REVIEW:

A judgment rendered by a court wholly lacking jurisdiction is "void" and is an absolute nullity from it's inception. HOANG v. STATE, 872 S.W.2d 694,699(TEX.CRIM.APP.1993); see also, GALLAGHER v.STATE, 690 S.W.2d 587,589 n. 1(TEX.CRIM.APP.1985). Also,

A juvenile court abuse of discretion by waiving it's jurisdiction and transferring a child to a criminal district court, the criminal district court is without jurisdiction to convict or sentence the child, where the transfer order made no findings about the specifics of the alleged offense and found no more than probable cause that the chile committed the offense. see, GUERRERO v. STATE, 2014 TEX. APP. LEXOS 13773, see also, MOON v. STATE, 2014 Tex. Crim.APP.LEXIS 1018.

AGUMENT AND AUTHORITY:

Applicant contends that he is being illegally restrained of his liberty in violation of his 14th amendment right to due process, where the trial court was without jurisdiction to convict and sentence him.

The trial court never acquired jurisdiction from the juvenile court, because the juvenile court abused it's discretion when issuing it's order waiving jurisdiction of Applicant to a criminal district court..

The juvenile court stated in it's order that there is probable cause to believe that the Applicant committed the offense alleged, but the court showed no findings. see, EX-D [ORDER WAIVING JURISDICTION; see also, SUPPLEMENTAL EX-A]. The juvenile court did not specifically state it's reasons for waiver and certify it's actions ina written order or the findings of the court. The juvenile court merely filled out a form certification order containing "boilerplate" language and did not include specificsevidentiary findings to support it's determinations. see, EX-D [ORDER WAIVING JURISDICTION; See also

6

EX-C

also SUPPLEMENTAL EX-A].

Tex Family Code ann.§54.02(h) contemplates that both the juvenile court's **reasons for waiving** it's jurisdiction and the findings of fact that undergrid **those reasons** should appear in the transfer order. In order to justify the broad discretion invested in the juvenile court,a court should take pains to show it's work, as it were,by spreading it's deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that's decision was in fact suporpriately guided by the statutory criteria,principled,and reasonable-in short,that it is a decision demonstratably deserving of appellate imprimatur even if the appellate court might have reached a different result. The legislature purpose of Tex. Fam. Code Ann.§54.02(h) is not well served by a **transfer order** so lacking in speculate as to the juvenile courts reasons for finding transfer to be appropriate or the facts the juvenile court found to substantiate those reasons. Conversely,the juvenile court that does the heavy lifting Tex. Fam. Code Ann.§54.02(h) requires and shows it's work should rarely be reversed.MOON v. STATE,2014 TEX. CRIM. APP. LEXIS 1918.

If the juvenile court waives jurisdiction,it is required to "state specifically in the order it's reasons for waiver and certify it's action,including the written ordereand findings of the court." TEX. FAM. CODE ANN.§54.02(h).

In the instant case,which is identical to MOON,the only reason specifically stated in the juvenile court's order to justify the waiver of jurisdiction was that the offense alleged was a serious one,and the only fact specified in support of this reason was that the offense alleged was committed against a person.see,EX-D [ORDER WAIVING JURISDICTION,SEE ALSO SUPPLEMENTAL EX-A].

The transfer order in this case makes no findings about the specifics of the alleged offense,where here two counts of aggravated sexual assault and finds no more than probable cause to believe Applicant committed the offense.see,supplemental EX-A.

The only stated reason given for Applicant's transfer was that "because of the seriousness of the offense,the walfare of the com-

7

EX.C

munity requires criminal proceedings,"and the only specific fact supporting this reasin was that "the offense alleged was against the person of another."

MOON,instructs that the juvenile courts waiver of jurisdiction "based on this particular reasin fortified only by this fact" constitutes an abuse of discretion.2014 TEX. CRIM. APP. LEXIS 1918, |WL]at*14.

A juvenile court abuse of discretion by waiving it's jurisdiction and transferring a child to a criminal district court,where the transfer order made no findings about the specifics of the alleged offense and found no more than probable cause that the child committed the offense. Therefore for the criminal district court never acquired jurisdiction to convict and sentence Applicant. see,MOON v. STATE,410 S.W. 3d 366,2013 TEX. APP.LEXIS 9345 (TEX.APP.HOUSTON 1st dist.2013),aff'd ___S.W.3d___,2014 tex.crim. app. LEXIS 1918,2014 WL 6997366

A judgment rendered by a court wholly lacking jurisdiction is void and is an absolute nullity from it's inseption.HOANG v. STATE 872 S.W. 2d 694,699(TEX.CRIM.APP.1993);see also,GALLAGHER v.STATE 690 S.W.2d 587,589 n.1 (TEX.CRIM.APP.1985).

## CONCLUSION

The APPLICANT CONTENDS THAT HIS CONFINEMENT IS UNCONSTITUTIOAL-LY VOID AND ILLEGAL. Furthermore,it would be a total miscarriage of justice in accords with State,Federal,and Supreme Court presedence if his conviction is not vacated and remanded back to the juvenile court.Keeney,at 11-12,112 S.Ct.1715;cf. McCLESKY v, ZANT,499,111 S.Ct.at 1470; MURRAY v. CARRIER,477 U.S. at 496,106 S.Ct. at 2649-50;and 28 U.S.C.§22,54(e)(2).

The presented evidence[order waiving jurisdiction]WITHIN Applicants claim clearly demonstrates that no rational juror would have found him guilty without the violating of his constitutional rights as guaranteed by the United States,and it would be a grave miscerriage of justice if this honorable court does not set this writ for an evidentiary hearing so that disputed resolves can be sufficiently addressed.Id.;T.C.C.P. Article 11.07§ 4(a)(2);EX PARTE BROOKS,219 S.W. 3d 396(TEX.CRIM.APP.2007);SCHULP v.DELO,513 U.S.

EX.C

298,115 S.Ct.851,130 L.Ed.2D 803(1995);and KUHLMANN v.WILSON, 477 U.S. 436,106 S.Ct.2616,91 L.Ed.2d 364(1986).

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED,THE Applicant respectfully prays this honorable court to give liberal scrutiny to the Applicant's actual-innocence and constitutional claim raised herein,and vacated the 180th district court's judgment and sentence and remand the case to the juvenile court.

executed on 4-15-15

x _____

## CERTIFICATE OF SERVICE

I,JOSEPH BARNARD HINES,Applicant hereby certify that this supplemental writ of habeas corpus with memorandum attached was mailed by U.S.P.S. to:CHRIS DANIEL,Harris COunty District Clerk, P.O. BOX 4651,Houston,Tx. 77210-4651,on 4-15-15.

executed on 4-15-15.

x _____

JOSEPH B. HINES#901768
connally unit
899 FM 632
KENEDY,TX.78119

9

EX.C

JOSEPH BARNARD HINES
#901766-CONNALLY UNIT
899 FM 632
KENEDY, TEXAS 78119


DISTRICT CLERK-CHRIS DANIEL
HARRIS COUNTY
P.O. BOX 4651
HOUSTON, TX. 77210-4651

April 30, 2015

RE:  SUPPLEMENTAL WRIT OF HABEAS CORPUS IN TRIAL CAUSE NO.809892-B

CLERK,

   I'm writting you in concern of the supplemental writ of habeas corpus' I
mailed to your office on APRIL 14,2015 & APRIL 15,2015 in the above trial
cause. Can you please inform me if you receive these supplemental writs &
if they have been submitted to the court.

   Thank you for your time in this matter.

C.C.F.

x _J̲o̲s̲e̲p̲h̲ ̲B̲.̲ ̲H̲i̲n̲e̲s̲_

EX-D

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Can please Inform me of The Date my Legal
Package was mailed out To: Chris Daniel
Harris County District Clerk - P.O. Box 4651, Houston, Tx.
77210-4651. I placed it in the mailbox on
4-14-15 And Another one to the same Address on
4-15-15

Name: Hines, Joseph     No. 901768     Unit: C4

Living Quarters: 19 X 40     Work Assignment: Kitchen

**DISPOSITION:** (Inmate will not write in this space)

mailed out 4-14-15
Carll

☆I-60 (Rev. 11-90)

